A CERTIFIED TRUE COPY

JUN 17 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 17 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1686*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE IRAQ AND AFGHANISTAN DETAINEES LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL[*] AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of four actions pending, respectively, in the District of Connecticut, Northern District of Illinois, District of South Carolina, and Southern District of Texas as listed on the attached Schedule A. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs[1] in the four actions for coordinated or consolidated pretrial proceedings of these actions in the Southern District of New York or, in the alternative, the District of Connecticut or the Northern District of Illinois. The United States and the individual defendants[2] oppose the motion; if the Panel orders transfer, they would favor the Eastern District of Virginia as the transferee district.[3]

On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All MDL-1686 actions present common, complex legal and factual questions concerning allegations that the defendants authorized and implemented a policy, pattern or practice of torture or other cruel, inhuman or degrading treatment in detention centers in Iraq and/or Afghanistan and also failed to respond to reports of such abuses. Centralization under Section 1407 is thus necessary

---

[*]   Judge Vratil took no part in the decision of this matter.

[1]   Arkan Mohammed Ali, Thahe Mohammed Sabbar, Sherzad Kamal Khalid, Ali H., Mehboob Ahmad, Said Nabi Siddiqi, Mohammed Karim Shirullah, and Haji Abdul Rahman.

[2]   Secretary of Defense Donald H. Rumsfeld, Lieutenant General Ricardo Sanchez, Colonel Janis Karpinski, and Colonel Thomas Pappas.

[3]   The United States, which is not a named defendant, initially responded on behalf of the defendants in their official capacities and suggested the District of South Carolina as an alternative to the Eastern District of Virginia.

-2-

in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

In selecting the District of District of Columbia as transferee district, the nation's capital provides a particularly appropriate forum for lawsuits brought against the Secretary of Defense and three senior military officers for conduct that allegedly transpired in connection with their work for the United States. We observe that Chief Judge Thomas F. Hogan, to whom we are assigning this litigation, is an experienced Section 1407 transferee judge, and we are confident that we are entrusting this important assignment to an able jurist.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Thomas F. Hogan for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

/s/ Wm. Terrell Hodges
_____
Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1686 -- In re Iraq and Afghanistan Detainees Litigation

### District of Connecticut

*Arkan Mohammed Ali, et al. v. Thomas Pappas*, C.A. No. 3:05-371

### Northern District of Illinois

*Arkan Mohammed Ali, et al. v. Donald H. Rumsfeld*, C.A. No. 1:05-1201

### District of South Carolina

*Arkan Mohammed Ali, et al. v. Janis Karpinski*, C.A. No. 9:05-654

### Southern District of Texas

*Arkan Mohammed Ali, et al. v. Ricardo Sanchez*, C.A. No. 7:05-65